UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN L. SPELL, II** | * | CASE NO.: |
| | * | |
| v. | * | |
| | * | JUDGE: |
| **DANIEL EDWARDS,** | * | |
| in his official capacity as | * | |
| **Sheriff of Tangipahoa Parish, Louisiana** | * | MAGISTRATE: |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes **Stephen L. Spell, II,** a person of the age of majority and a resident of Livingston Parish Louisiana, who respectfully represents as follows:

1. Made defendant herein **Daniel Edwards**, is a citizen and resident of Louisiana. At all times material to this action, Mr. Edwards has been the Sheriff of Tangipahoa Parish Louisiana. Defendant is sued herein strictly in his official capacity as Sheriff of Tangipahoa Parish. Defendant is indebted unto plaintiff Spell arising out the following.

2. On or about March 16, 2012, Tangipahoa Sheriff's Department deputies and agents, who were at all times relevant hereto employed by the Defendant and on official business on behalf of the defendant and the Sheriff's Department, raided a business establishment in Tangipahoa Parish owned and operated by plaintiff Spell.

1

3. The defendant's agents located various items of tangible goods owned by plaintiff and which plaintiff was holding out for sale in his place of business. The Defendant's agents seized and removed the plaintiff's property, without a warrant, without payment, and without due process of law.

4. The seizure of plaintiff's property was in violation of the Fifth and Fourteenth Amendment of the United States Constitution. The actions of defendant Edwards and his agents were at all times taken under the color and authority of law. Furthermore, the actions of defendant Edwards and his agents were in violation of the plaintiff's well established and well known constitutional and civil rights. As such, the conduct of Defendant and his agents was in violation of 42 U.S.C. §1983.

### Jurisdiction

5. Jurisdiction of this Court is founded upon 28 U.S.C. §1331 as this case arises out of the laws and the Constitution of the United States of America.

### Venue

6. Venue is proper in this Court as all the acts described herein occurred within the Eastern District of Louisiana.

### Factual Background

7. Plaintiff is the operator of a retail business located at 45654 University Park Avenue, Suite 2, Hammond, Louisiana.

8. On March 16, 2012 representatives of the Tangipahoa Parish Sheriff's Department, including agent Jacob Schwebel, conducted a raid of the plaintiff's business establishment.

9. Agent Schwebel, acting at all times in the course and scope of his employment with the Tangipahoa Parish Sheriff's Department and pursuant to the explicit orders and directives of defendant Sheriff Daniel Edwards, seized from the plaintiff 62 packages of "a botanical sachet", brand named "*Skyscraper the Next Level.*"

10. The seizure of plaintiff's property pursuant to the orders of defendant Edwards was despite defendant's acknowledgement that the plaintiff's possession and sale of the *"Skyscraper"* product was entirely permissible and legal under Louisiana law.  Nevertheless, Sheriff Edwards issued orders to his agents and deputies to have the *"Skyscraper"* product removed from local businesses and seized from the rightful owners such as plaintiff.

11. Plaintiff maintains that the defendant's directives and orders to his agents and deputies, requiring the "removal" of a product which is entirely legal, constitutes an official policy of the defendant and the Tangipahoa Parish Sheriff's Department.

## FIRST CAUSE OF ACTION
**Violation of Civil Rights Pursuant to 42 USC 1983**

12. Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation set forth above.

13. Pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States defendant Sheriff and other governmental agencies may not deprive citizens such as the plaintiff of their rights in property without due process of law.

14. The due process and property rights enumerated in the Constitution are well established rights, and rights which are well known to defendant Edwards, his agents and deputies, and all other reasonable law enforcement officials.

15. The actions of defendant Edwards and his agents in seizing the plaintiff's property and depriving plaintiff of his rights in the subject property were conducted without due process of law and were arbitrary and capricious.

16. The actions of defendant Edwards and his agents in seizing the plaintiff's property and depriving plaintiff of his rights in the property were actions taken under the authority and color of law.

17. The actions of defendant Edwards set forth hereinabove were in violation of the plaintiff's civil rights and are actionable pursuant to 42 USC §1983. Plaintiff seeks an award of reasonable damages compensating him for the loss of his property, lost profits, interference with his business, and other damages which may be proven at time of trial. Plaintiff also seeks punitive damages as authorized by federal law.

18. Pursuant to 42 U.S.C § 1988 plaintiff is also entitled to an award of attorney's fees and costs expended in the prosecution of this litigation.

## SECOND CLAIM FOR RELIEF
**Declaratory judgment**

19. Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation set forth above.

20. Plaintiff is entitled to a Declaratory Judgment holding that the actions defendant Edwards and his agents in seizing the plaintiff's property and depriving plaintiff of his rights in the property were conducted without due process of law, and were therefore in violation of plaintiff's civil rights pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

## THIRD CLAIM FOR RELIEF
### Injunctive Relief

21.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation set forth above.

22.    The defendant's seizure of plaintiff's property was conducted pursuant to the explicit orders and directive of Sheriff Daniel Edwards.

23.    Defendants' official statement have made it apparent that he will continue to seize products like *"Skyscraper"* from the defendant despite the fact that the product is entirely legal pursuant to the Louisiana law.

24.    Plaintiff Spell seeks a permanent injunction barring defendant and his deputies, agents, and representatives from seizing plaintiff's property without due process of law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Stephen L. Spell, II respectfully prays that after due proceedings had that judgment be rendered in his favor and against defendant Edwards, finding defendant liable for the violation of plaintiff's civil rights pursuant to 42 U.S.C. § 1983, and:

a.    awarding plaintiff all damages to which he may be entitled including compensatory damages, lost profits, and punitive damages;

b.    awarding attorney's fees and costs pursuant to 42 U.S.C § 1988;

c.    entering a permanent injunction prohibiting the defendant from seizing property owned and legally possessed by the plaintiff without due process of law;

d.    issuing a declaratory judgment finding the defendant's conduct seizing the property legally possessed by the plaintiff to be unconstitutional;

e.    granting plaintiff all other relief which may be warranted by law and the evidence, and as the Court may deem proper under the circumstances.

        Respectfully Submitted,
        BOOTH & BOOTH

        /s/ Vincent J. Booth
        Vincent J. Booth (#18565)
        138 North Cortez Street
        New Orleans, Louisiana 70119
        Telephone:     (504) 482-5292
        Facsimile:      (800) 469-2185
        Email:  vbooth@boothandbooth.com
        Attorney for Stephen L. Spell, II