UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN L. SPELL, II, ET AL.,                          CIVIL ACTION
    Plaintiffs

VERSUS                                                                                           No. 12-796

DANIEL EDWARDS, ET AL.,                             SECTION "E"
    Defendants

## ORDER & REASONS

Before the Court are Plaintiff's motion for partial summary judgment and Defendants' first and second motions for summary judgment.[1] The crux of both is whether the product seized was contraband at the time it was seized. If it was contraband, then Plaintiff does not have a Fifth Amendment takings claim[2] or a Fourteenth Amendment procedural due process claim.[3] If it was not contraband, then Plaintiff has a strong claim

---

[1] R. Docs. Nos. 22, 37, 39. Both are opposed, R. Doc. No. 46 (Defendants' opposition) and R. Doc. No. 43 (Plaintiff's opposition), and the Court has reviewed the Defendants' supplemental memoranda in support of their motions and in opposition to Plaintiff's motion, R. Docs. Nos. 95, 97.

[2] See, e.g., United States v. $7,990.00 in U.S. Currency, 170 F.3d 843, 846 (8th Cir. 1999) ("But the forfeiture of contraband is an exercise of the government's police power, not its eminent domain power. A forfeiture is not subject to the Fifth Amendment's Takings Clause when it deprives [even] an innocent owner of his property."); Tormasi v. Hayman, 443 F. App'x 742, 746 (3d Cir. 2011) ("Because Tormasi's property was confiscated as contraband pursuant to New Jersey statute and regulation, he is not entitled to compensation pursuant to the Takings Clause of the Fifth Amendment."). Plaintiff has previously abandoned his Fourth Amendment claim. R. Doc. No. 43, p. 10 ("[Spell] does not now assert a claim for violation of his Fourth Amendment rights.").

[3] See, e.g., Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 570 ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); Cooper v. City of Greenwood, Miss., 904 F.2d 302, 305 (5th Cir. 1990) ("Courts will not entertain a claim contesting the

that Defendants violated his clearly established rights in an objectively unreasonable manner.

As to Plaintiff's Fourteenth Amendment claim, the clearly established law in this Circuit holds that the "due process clause generally requires notice and a hearing prior to a constitutional deprivation" and, even in "exigent circumstances," "[a] post-deprivation process." *Chichakli v. Szubin*, 546 F.3d 315, 317 (5th Cir. 2008). Plaintiff has produced competent summary judgment evidence that he was not provided with notice and an opportunity to be heard, and Defendants point to no evidence that they afforded Plaintiff notice and a prompt post-deprivation hearing.[4] Therefore if Plaintiff's product is not contraband, Defendants violated his clearly established right to "some form of hearing" before he was "finally deprived of a protected property interest." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982).

Their conduct in doing so would have been objectively unreasonable under the circumstances, given that the Sheriff stated at the time that "these items aren't illegal according to state law."[5] So unlike in cases where officers make a good faith mistake concerning the illegality of something they seize, these officers knew Plaintiff's product was not contraband. Every reasonable state actor should know that "items that aren't illegal" may not be taken and held without ever providing some sort of hearing. Exigent

---

confiscation of contraband per se because one cannot have a property right in that which is not subject to legal possession.").

[4] R. Doc. No. 37-3, p. 4.

[5] R. Doc. No. 37-4, p. 3. Accordingly, Defendants cannot claim that it was reasonable for them to believe they were entitled to suspend any hearing until after the conclusion of criminal proceedings, a doubtful proposition in any event. *United States v. Thirteen Mach. Guns & One Silencer*, 689 F.2d 861, 864 (9th Cir. 1982) ("Criminal proceedings do not suspend a property owner's right to a prompt post-seizure hearing.").

circumstances such as a threat to public health or safety may justify a deprivation without notice or a hearing beforehand, but they do not excuse Defendants from the obligation to provide "some form of hearing" afterward.

As to Plaintiff's Fifth Amendment claim, the clearly established law in this and every other Circuit holds that "a State, by *ipse dixit*, may not transform private property into public property without compensation." *Webb's Fabulous Pharms., Inc. v. Beckwith*, 449 U.S. 155, 164 (1980). Plaintiff has produced competent summary judgment evidence that his property was taken by a government official for a purportedly public purpose (the public's health and safety) but he has not been compensated.[6] Defendants have provided no evidence to the contrary.

If Plaintiff's property was not contraband at the time it was taken, Defendants violated his clearly established right against government by *ipse dixit* transforming private property into public property without compensation. It would have been objectively unreasonable under the circumstances to do so, given that the Sheriff stated at the time that "these items aren't illegal according to state law."[7] Unlike in cases where officers make a good faith mistake concerning the illegality of something they seize, these officers knew Plaintiff's product was not contraband. Every reasonable state actor should know that they may not walk into someone's store, take a product off the shelves that it is legal for its

---

[6] R. Doc. No. 37-3, pp. 3–4.

[7] R. Doc. No. 37-4, p. 3. Accordingly, Defendants cannot claim that it was reasonable for them to believe they were entitled to suspend any hearing until after the conclusion of criminal proceedings, a doubtful proposition in any event. *United States v. Thirteen Mach. Guns & One Silencer*, 689 F.2d 861, 864 (9th Cir. 1982) ("Criminal proceedings do not suspend a property owner's right to a prompt post-seizure hearing.").

owner to sell, and then never provide compensation.[8]

Defendants' counter-arguments have no merit. Their suggestion that takings claims may not be brought against state officials in their individual capacity is not supported by the case they cite for the proposition[9] and is contradicted by other cases. *See, e.g.*, *Asociacion de Subscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 37–38 (1st Cir. 2007) (Howard, J., concurring) (noting that the majority held "that a viable takings claim may exist against state officials acting in their individual capacties"). And while it is true that Defendants have found a case that says "[n]o taking claim arises when rights or property have been impaired through unlawful government action," that cannot actually be the law. *Golder v. United States*, 15 Cl. Ct. 513, 518 (Cl. Ct. 1988).[10] Even if it were, the Sheriff asserts that his actions in this case were lawful, and he cannot have it both ways.[11] Finally, if Plaintiff's product is currently

---

[8] Defendants have not raised a ripeness issue concerning the takings claim, *Waltman v. Payne,* 535 F.3d 342, 348–49 (5th Cir. 2008), and the Court accordingly deems any such assertion waived.

[9] R. Doc. No. 46, p. 2 (citing as "see generally" *Webb's Fabulous Pharms., Inc. v. Beckwith*, 449 U.S. 155 (1980)).

[10] The other cases Defendants cite for the proposition that property must be taken using the eminent domain power before a takings claim may be brought do not stand for that proposition. They all involve contraband, *Bennis v. Michigan*, 516 U.S. 442, 452–53 (1996) (car where co-owner had sex with prostitute); *United States v. $7,990.00 in United States Currency*, 170 F.3d 843, 844 (8th Cir. 1999) (cash seized along with drugs); *Acadia Tech., Inc. v. United States*, 65 Fed. Cl. 425, 427 (Fed. Cl. 2005) (counterfeit trademarks), or non-property, *Jones v. Phil. Police Dep't*, 57 F. App'x 939, 943 (3d Cir. 2003) (living person not property for purposes of a takings claim).

[11] R. Doc. No. 46, p. 4 ("The Defendants would show that regardless of whether the Skyscraper was taken for reasons of public health and safety and/or because it was contraband, these actions are *valid* exercises of the Sheriff's inherent police power which are not takings under the Fifth Amendment." (emphasis added)). The suggestion that sheriffs have some

contraband under Louisiana law, that may mean it cannot be returned to him, but it does not mean he lacks an entitlement to compensation for its value at the time of the taking. If government could seize first and make illegal later, the Fifth Amendment would be meaningless.

In light of the above, it is not possible to determine whether Defendants are entitled to qualified immunity on the individual capacity claims against them. Crucial to that determination is whether Plaintiff's product was contraband at the time it was seized. Both parties have retained experts and adduced competent summary judgment evidence on the topic. A jury must decide which expert to credit. Similarly, a jury could decide based on the Sheriff's press releases and other public statements that all of what transpired occurred at his personal direction under a policy he adopted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment are **DENIED**.

**New Orleans, Louisiana, this** 13th **of September, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

valid inherent authority to appropriate private property for a public use and without compensation is obviously wrong, but having made this argument, Defendants cannot also claims they are immune because their conduct was unlawful.